IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02503-BNB

JAMES DENMAN,

    Applicant,

v.

THE COLORADO DEPARTMENT OF CORRECTIONS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER OF DISMISSAL

    Applicant, James Denman, is a prisoner in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Correctional Center in Delta, Colorado. Mr. Denman has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. He challenges the validity of his conviction and sentence in Case No. 08CR0169 in the Broomfield County District Court.

    In an Order entered November 2, 2011, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On December 6, 2011, Respondents submitted a pre-answer response. Mr. Denman filed a reply on December 23, 2011.

    The Court must construe liberally the Application filed by Mr. Denman because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Application as time-barred.

**I. Background and State Court Proceedings**

On December 4, 2008, Mr. Denman was convicted by a Broomfield County District Court jury of tampering with a witness, a class four felony. Application, at 2; Pre-Answer Resp. Ex. A at 10. Mr. Denman was also charged with two habitual criminal counts. *Id.*, at 3. At the sentencing hearing on May 15, 2009, the parties reached a sentencing agreement. The prosecution agreed to dismiss the habitual criminal counts and cap Mr. Denman's sentence at ten years. *Id.*, at 7-8. In return, Applicant agreed to waive his appellate and post-conviction rights in the Broomfield County case and in two cases pending in Grand County. *Id.* Mr. Denman reserved the right to file a Crim. P. Rule 35(b) motion for reconsideration if he was able to complete a DOC therapeutic program and file proof of such treatment with the trial court. *Id.* The sentence agreement provided, in pertinent part:

> If I obtain entry into a therapeutic community, and if I successfully complete that program, and if the Office of the District Attorney for the 17th Judicial District agrees that my progress is sufficient to merit reconsideration of my sentence under Colo. Crim. P. 35(b), the Court will be permitted to entertain a motion for modification of sentence.

Pre-Answer Resp., Ex. B, at 1-2.

Mr. Denman did not file a direct appeal of his conviction or sentence.

On August 3, 2009, the applicant filed a Colo. Crim. P. Rule 35(b) motion for reconsideration of his sentence. Pre-Answer Resp. Ex. A, at 7. The trial court denied the motion on October 26, 2009 because the applicant had not yet been accepted into or completed a therapeutic program. *Id.*, Ex. B, at 2. Mr. Denman did not appeal the trial court's order.

On January 27, 2010, Mr. Denman filed a Motion in Support of Withdrawal of Plea Agreement. Pre-Answer Resp. Ex. A, at 7; Reply, Ex. E, attach. A. In the motion, he asserted that the trial court had failed to forward the necessary paperwork to the DOC for him to be allowed into a therapeutic program, as required by COLO. REV. STAT. (C.R.S.) § 17-40-104 (2010), thereby denying him the opportunity to move for sentence reconsideration, in violation of the terms of his sentencing agreement. Reply, Ex. E, attach. A. The state district court construed the motion as arising under Colo. Crim. P. Rule 35(c)(2)(V). Pre-Answer Resp., Ex. B, at 2. The state court denied the motion on March 9, 2010, finding that Mr. Denman had not established the court's non-compliance with the statute and that the DOC's stated basis for denying Applicant participation in the therapeutic program was "no significant clinical/behavioral indicators." *Id.*

On April 5, 2010, Mr. Denman filed a motion for post-conviction relief pursuant to Colo. Crim. P. Rule 35(c). Pre-Answer Resp. Ex. A, at 7; Reply, Ex. E. Counsel was appointed to represent Applicant in the post-conviction proceeding. Pre-Answer Resp. Ex. A, at 7; Reply, Ex. C. On July 15, 2010, Applicant filed a motion to dismiss counsel

based on a conflict of interest.  Pre-Answer Resp. Ex. A, at 6.  The trial court granted the motion on July 19, 2010, allowing counsel to withdraw and finding no conflict of interest in counsel's representation.  *Id.*  On July 26, 2010, Mr. Denman filed a second motion for appointment of counsel in the state post-conviction proceeding, which the trial court denied on July 28, 2010.  *Id.*  On August 9, 2010, Applicant filed *pro se* a request for transcripts.  *Id.*  The trial court denied the motion on September 9, 2010, finding that "[b]ecause [Applicant] has waived his right to attack the propriety of his conviction [based on the terms of his sentencing agreement], he has also waived his right to transcripts of the hearings regarding that conviction at state expense."  *Id.*; Ex. B, at 2.  In the order of August 9, 2010, the state court further observed that the validity of the sentencing agreement was litigated in the state district court in the Motion for Withdrawal of Plea Agreement, and that Applicant failed to appeal that ruling.  *Id.*

On October 12, 2010, Mr. Denman filed his notice of appeal of the trial court's September 9, 2010 order denying his request for hearing transcripts.  Pre-Answer Resp. Ex. A, at 5.   On December 17, 2010, the Colorado Court of Appeals dismissed the appeal in *People v. Denman*, No. 10CA2100 because: (1) the state district court's order of September 9, 2010, was not a final appealable order; (2) the Applicant's notice of appeal was untimely as to the state district court's order dated March 9, 2010; and (3) good cause did not exist to accept the notice of appeal as timely filed.  Pre-Answer Resp. Ex. C.  On March 14, 2011, the Colorado Supreme Court denied Mr. Denman's request for certiorari review.  Pre-Answer Resp. Ex. D.

Mr. Denman initiated this action on September 23, 2011. He asserts five claims for relief in his § 2254 Application challenging the constitutionality of his conviction and his sentence under the sentencing agreement.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Respondents further contend that Mr. Denman has procedurally defaulted his claims in the state courts, and, therefore this federal habeas court may not review the merits.

## II. AEDPA Time Bar

Respondents first argue that this action is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Denman's conviction became final on June 29, 2009, forty-five days after he was sentenced on May 15, 2009. *See* Colo. App. R. 4(b) (notice of appeal in a criminal case must be filed within forty-five days after the entry of judgment). Accordingly, the statute began to run on June 30, 2009, the next business day after the conclusion of the time to appeal. *See United States v. Hurst*, 322 F.3d 1256, 1261-62 (10th Cir. 2003) (one-year limitation period commences the day after expiration of the time for seeking review).

The Court must next determine whether any of Mr. Denman's state post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).

The statute of limitations ran from June 30, 2009, until August 2, 2009 (**34 days**). On August 3, 2009, Mr. Denman filed a Colo. Crim. P. Rule 35(b) motion in the state district court. A timely filed motion for sentence reconsideration pursuant to Colo. Crim. P. Rule 35(b) tolls the one-year limitation period. *See Robinson v. Golder*, 443 F.3d 718, 721 (10th Cir. 2006). Under Colo. Crim. P. Rule 35(b), a motion for reduction of sentence must be filed "within 120 days after entry of any order or judgment of the appellate court denying review or having the effect of upholding a judgment of conviction or sentence." Colo. R. Crim. P. 35(b)(3). Because Mr. Denman's Rule 35(b) motion dated August 3, 2009, was timely filed, it tolled the statute of limitations until December 10, 2009, forty-five days after the state trial court denied the motion on October 26, 2009. *See Gibson*, 232 F.3d at 804 (holding that the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law) (emphasis in the original).

The AEDPA time clock commenced again on December 11, 2009, and continued to run until January 26, 2010 (**47 days**). The statute was tolled on January 27, 2010,

when Mr. Denman filed a Motion to Withdraw His Plea, which the trial court construed as a post-conviction motion under Colo. Crim. P. Rule 35(c). The trial court denied this motion on March 9, 2010. The statute of limitations was tolled another forty-five days during the period that Mr. Denman could have filed an appeal, until April 23, 2010. *Id.*

In the meantime, on April 5, 2010, Mr. Denman filed a Colo. Crim. P. Rule 35(c) motion. On August 9, 2010, he filed a motion requesting copies of court transcripts. On September 9, 2010, the state district court entered an order ruling specifically on Applicant's request for transcripts. Pre-Answer Resp. Ex. B. Although the Order of September 9, 2010, included the state district court's admonition to Mr. Denman that "pursuant to the agreement entered into by the prosecution and the [Applicant], and accepted by the court, the [Applicant] no longer has the right to attack the propriety of this conviction by either appeal or be Rule 35(c)," *id.* at 2, the district court never ruled on the merits of the Rule 35(c) motion that Applicant filed on April 5, 2010.

Respondents argue that Applicant abandoned his Rule 35(c) motion by failing to pursue a substantive ruling in the state trial court within sixty days of filing his motion. Pre-Answer Resp. at 9. Respondents maintain that pursuant to Colo. Crim. P. Rule 35(c)(3)(IV), the state trial court was obliged to review Applicant's Rule 35(c) motion within sixty days and that Applicant bore the burden to make reasonable efforts to secure a ruling on the substantive claims asserted in his motion within that time period. *Id.* at 9-10. Respondents contend that because Applicant abandoned his Rule 35(c) motion instead of attempting to obtain a ruling from the trial court, the state post-

conviction motion tolled the AEDPA limitations period for sixty days after Applicant filed the motion, plus an additional forty-five days in which he could have appealed a trial court ruling on the motion. According to Respondents' argument, the statute of limitations began to run again on July 20, 2010, and more than 365 days expired before Applicant filed his § 2254 Application on September 23, 2011.

The Court agrees with Respondents that Mr. Denman abandoned his post-conviction motion of April 5, 2010, but finds the Application to be untimely under a slightly different analysis.

The state appellate courts have interpreted the sixty-day provision of Colo. Crim. P. 35(c)(3)(IV) as "directory," rather than jurisdictional. *See*, *e.g.*, *People v. Osario*, 170 P.3d 798-99 (Colo. App. 2007). Notably, the statute does not contain language that precludes the court's action after the sixty-day period. Nevertheless, Applicant bore some responsibility to ensure that the state trial court ruled on his Rule 35 motion in a timely manner. *See People v. Fuqua*, 764 P.2d 56, 58 (Colo.1988) ("When the sentencing court fails to act on a timely filed [Crim. P. 35(b)] motion for reduction of sentence within a reasonable period of time, it then becomes the defendant's obligation to make reasonable efforts to secure an expeditious ruling on the motion. In the absence of any reasonable effort by the defendant to obtain an expeditious ruling, the motion for reduction should be deemed abandoned."); *People v. Valdez*, 178 P.3d 1269, 1281 (Colo. App. 2007) (applying *Fuqua* in a case involving a Rule 35(c) motion).

The state district court denied Applicant's August 9, 2010, motion for transcripts on September 9, 2010, without also ruling on his April 5, 2010, Rule 35(c) motion, which had been pending for four months. Following the state court's order of September 9, 2010, Mr. Denman did not file a motion to obtain a ruling on his April 5, 2010, post-conviction motion or make a written inquiry with the court concerning the status of the motion. Instead, Mr. Denman filed an appeal of the September 9, 2010, order on October 12, 2010. However, the Colorado Court of Appeals dismissed the appeal on the procedural ground that the September 9, 2010, order was not a final order. Pre-Answer Resp. Ex. C; *see also* §13-4-102(1), C.R.S. (2010) (conferring jurisdiction upon the Colorado Court of Appeals over appeals from final judgments); *Harding Glass Co. v. Jones*, 640 P.2d 1123, 1125 n. 2 (Colo. 1982) (noting that a final judgment is one "which ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceeding."). Even after the Colorado Court of Appeals notified Applicant in the December 17, 2010 order dismissing his appeal that the district court's September 9, 2010 Order was not a final appealable order, Applicant did not attempt to obtain a ruling from the state district court on his Rule 35(c) motion.

The Court finds that Mr. Denman abandoned his April 5, 2010 post-conviction motion when he appealed the September 9, 2010 order denying his request for transcripts and never attempted to secure a ruling from the trial court on the April 5, 2010 motion. Applicant asserts in his Reply that "[w]hen the state district court, in the 9

September 2010 Order . . ., chose to ignore the April 5, 2010 filing of the then pending 35(c) . . . , this Applicant's right to withdraw an illegal plea agreement was denied and thus the pending 35(c) was deemed moot." Applicant's perception that the April 5, 2010 post-conviction motion was rendered moot by the state district court's September 9, 2010 order bolsters the Court's conclusion that Applicant abandoned his motion, albeit based on his mistaken belief about the import of the Court's September 9, 2010 order.

A state prisoner who abandons a post-conviction motion in the state courts is not "'attempting, through proper use of state court procedures, to exhaust state court remedies.'" *Gibson*, 232 F.3d at 806 (quoting *Barnett v. Lemaster*, 167 F.3d 1321,1323 (10th Cir. 1999)); *see also Stevens v. Medina*, 438 F. App'x 700, 703-704 (10th Cir. 2011) (unpublished) (concluding that Colo. Crim. P. Rule 35(c) motion abandoned by petitioner was not a properly filed application for state post-conviction review, and, therefore, "did not statutorily toll the one-year limitations period"). Because Mr. Denman abandoned his April 5, 2010 Colo. Crim. P. Rule 35(c) motion, the statute of limitations was not tolled during the pendency of that motion. *Id.* Moreover, Applicant's request for transcripts was not a collateral proceeding that tolled the AEDPA limitations period. *See May v. Workman*, 329 F.3d 1236, 1237 (10th Cir. 2003).

Eighty-one days had elapsed on the AEDPA time clock before the statute was tolled on January 27, 2010 when Mr. Denman filed a Motion in Support of Withdrawal of the Plea Agreement. That motion was pending until April 23, 2010. Because the April

5, 2010 post-conviction motion did not toll the statute, the clock ran from April 24, 2010 until Applicant filed his § 2254 Application on September 23, 2011. The statutory one-year limitation period expired several months before Mr. Denman filed his federal Application in this Court. The Application, therefore, is untimely unless Applicant is entitled to equitable tolling.

### III.  Equitable Tolling

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons "in rare and exceptional circumstances." *Gibson*, 232 F.3d at 808 (internal quotation marks omitted); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. Simple excusable neglect is not sufficient to support equitable tolling. *Gibson*, 232 F.3d at 808. Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *Miller*, 141 F.3d at 978. Finally, Mr. Denman bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Denman argues in his Reply that he did not abandon his April 5, 2010 Colo. Crim. P. Rule 35(c) motion and made every effort to secure a ruling on the merits of his constitutional claims by filing a notice of appeal of the trial court's September 9, 2010 order in the Colorado Court of Appeals and then pursuing discretionary review with the

Colorado Supreme Court.  Reply, at 1-5.  Applicant's argument is not persuasive because the state trial court never ruled on the April 5, 2010 Rule 35(c) motion in its September 9, 2010 order or in any other order.  Mr. Denman's misunderstanding of the district court's September 9, 2010 order and ignorance of his legal obligation to secure a final appealable order on his Colo. Crim. P. Rule 35(c) motion are not an adequate basis for equitable tolling.  *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).  Moreover, the state district court's failure to rule on Applicant's Colo. Crim. P. Rule 35(c) motion is not an extraordinary circumstance that warrants equitable tolling because Mr. Denman failed to diligently pursue his rights.  *Stevens*, 438 F. App'x at 704.  As discussed above, Mr. Denman never filed a motion or other inquiry with the state district court to obtain a disposition of his motion.

Finally, Mr. Denman asserts that equitable tolling should apply based on "newly discovered evidence."  Reply, at 5.  It is not clear whether Applicant is arguing his actual innocence.  If so, he must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Here, however, Mr. Denman does not elaborate on the nature of the "newly discovered evidence" or how it establishes his innocence of the crime of witness tampering.  *See Weibley v. Kaiser,* 50 F. App'x. 399, 403 (10th Cir. 2002) (unpublished) (determining that petitioner's actual innocence argument "fail[ed] because he d[id] not make a colorable claim of actual innocence. [Petitioner] makes

only conclusory allegations regarding his innocence and provides no analysis or specific facts to warrant equitable tolling.").

## IV. Conclusion

Having reviewed Mr. Denman's allegations, the Court finds that he has failed to assert any basis for equitable tolling. Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this Court. Because the Application is clearly untimely, the Court need not reach Respondents' arguments that Mr. Denman's claims are also barred under the procedural default doctrine.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that all pending motions are denied as moot. It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Denman has not made a substantial showing that jurists of reason would find it

debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  12th  day of    January       , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court